May 15, 1911.

———o———

### 5321.

(Court of Appeal, Parish of Orleans.)

## MRS. EMELINE WATKINS, WIFE OF S. GARNER vs. BARATARIA CANNING COMPANY.

Questions of fact only are involved.

Appeal from the Civil District Court, Division "C."

G. J. Untereiner, for plaintiff and appellee.

P. M. Milner, for defendant and appellant.

GODCHAUX, J.—Defendant is appellant from a judgment based upon a jury verdict against it for the sum of $200 found in favor of plaintiff for personal injuries suffered by her while in the discharge of the duties of her employment in defendant's factory, where schrimp are first boiled and then packed and canned. Plaintiff was having the schrimp she had shelled weighed in the "weighing department," which is separated from the "boiling department" by a partition or screen, when

the boiling water in one of the vats, wherein the schrimp are boiled in the latter department, overflowed and spread into and over the floor of the weighing department and resulted in the plaintiff suffering the injury from the scalds of which she complains. The water was heated by means of steam coils at the bottom of the vat, the supply of steam being regulated by a globe valve, which, on the present occasion, failed to work properly and could not be shut off and resulted in the water becoming superheated to the degree of causing it to boil over the sides of the vat as stated. The failure of the valve was due to the fact that the threads of the valve stem had "stripped" so that the valve seat could not be tightly screwed down and closed; and defendant claims that the "stripping" was due to an inherent defect, not discoverable by ordinary inspection, in the material of this valve, which was of standard make and recently purchased from reputable parties and which it had inspected properly a week before the accident. Such is the case made out by defendant's witnesses.

On the other hand the several experts of plaintiff, who critically examined the valve when it was produced in open court, declared that its condition indicated with certainty that the stripping of the threads was and could have been caused, not by defective material, but solely through an unusual abnormal force or pressure having been improperly applied to the valve stem and its threads in the careless handling thereof by the employees in charge.

Moreover plaintiff has shown that the safety of the employees was made to depend wholly upon the constant efficiency of this valve and that defendant had failed to equip the tank with any emergency devices, such as overflow pipes, or apron troughs, extra steam valves, which could have been installed at a nominal cost and

the failure of the valve to perform its functions.

It is evident from the foregoing that the jury, and the lower court which affirmed its verdict, credited the testimony of plaintiff's witnesses and refused to believe the statements of defendant's witnesses; and this court after critical examination of the record is unable to pronounce their conclusions erroneous.

The plaintiff has prayed in this court for an increase of the judgment, but our examination of the somewhat meagre testimony in the record as to the extent of the injuries suffered satisfies us that the amount allowed does substantial justice between the parties.

It is, accordingly, ordered that the judgment appealed from be affirmed.

May 15, 1911.

————o————

5207-5208.

(Court of Appeal, Parish of Orleans.)